UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSETTA FERGUSON,   CASE NO. 06-CV-10535

    Plaintiff,

v.   DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

MORLEY COMPANIES, INC.,

    Defendant.
                              /

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
(Dkt. 17 )

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion be **GRANTED**.

### II.    REPORT

#### A.    Introduction

By order of United States District Judge David Lawson, this employment discrimination case was referred to the undersigned Magistrate Judge for pretrial case management. The case was reassigned to United States District Judge Thomas Ludington on September 13, 2006. On July 20, 2006, the Defendant filed a motion for summary judgment. (Dkt. 17.) Plaintiff Ferguson responded opposing the motion, (Dkt. 21),[1] and Defendant filed a reply. (Dkt. 22.)

---

[1] Plaintiff was briefly represented by counsel from August 9, 2004, to August 22, 2004. (Dkt. 19 and 20.) Plaintiff has otherwise proceeded *pro se*.

Upon review, I conclude that pursuant to E.D. Mich. LR 7.1(e)(2), the motion is ready for Report and Recommendation on the documents submitted.

### B.  Background

Plaintiff was hired by Defendant in August 2003 as a part-time customer service representative.  (Def.'s Mot., Dkt. 17 at 1; Pl.'s Resp., Dkt. 21 at 6).  Plaintiff was hired as an "at-will" employee.[2]  Beginning in July 2004, Plaintiff was employed by Defendant on a full-time basis in a different department as an administrative coordinator.  Plaintiff contends that the discrimination alleged in her complaint began at the time of this transfer.  (Dkt. 21 at 6; Dkt. 17 at Ex. 5.)

Defendant alleges that on July 23, 2004, Plaintiff was one hour and forty minutes late for work and that she did not call in to inform her supervisor that she was running late until approximately forty minutes after her work shift started.  (Dkt. 17 at 2 & Ex. 4 (time log showing Plaintiff worked 7.5 hours that day; Dkt. 17 at Ex. 5 (final warning document indicating Plaintiff arrived at work at 9:40 rather than 8:00 a.m.).)  Defendant further states that on August 6, 2004, Plaintiff failed to either call in or arrive at work and, after a telephone call from her supervisor, Plaintiff eventually came into work around 11:30 a.m.  (Dkt. 17 at 2 & Ex. 4 (time log showing Plaintiff worked 4 hours that day).)  Plaintiff was given a written warning later that day stating that the next time she failed to arrive in a timely manner she would "face disciplinary action up to and including termination."  (Dkt. 17 at Ex. 5.)

---

[2] Defendant's "Associate Handbook" states that "Morley is an 'at-will' employer; either you or Morley may end your assignment at any time with or without notice and with or without cause, subject to applicable laws concerning non-discrimination." (Dkt. 17, Ex. 3 at 2.)  Under Michigan law, this handbook provision maintains the presumption that employees serve at the will of their employees and may be terminated without just cause. *See Lytle v. Malady (On Reh'g)*, 458 Mich. 153, 163-64, 579 N.W.2d 906 (1998).

2

Plaintiff explains that she was scheduled to return from a family wedding in Mississippi on August 4, 2006, but that because of car trouble, she was unable to return on that date. (Pl.'s Resp., Dkt. 21 at 6.) Plaintiff further states that she called her supervisor indicating that she would be unable to return to work on August 4 but would return on August 6, 2004. (*Id.*) Plaintiff does not appear to dispute the fact that she failed to call in and was late on August 6, 2006; yet, she was "surprised to receive her first written warning." (*Id.*)

The evidence reveals that Plaintiff worked less than a full day on August 18, 2004, as well. (Dkt. 17 at Ex. 4 (time log revealing Plaintiff worked 7 hours that day).) Defendant states that on August 25, 2004, Plaintiff was tardy and was therefore placed on a ½ day suspension. (Dkt. 17 at 2 & Ex. 4 (time log showing Plaintiff worked 2 hours that day).) On that same day, Plaintiff was given a "Final Written Warning providing that if the Plaintiff called in or did not show up for her regularly scheduled work shift, she would be subjected to . . . termination." (Dkt. 17 at 2 & Exs. 5 and 6 (Final Warning and Disciplinary Action documents).)

Plaintiff contends that "Caucasian and Mexican employees would often arrive late to work, without calling in and without receiving written or final warnings as the Plaintiff did." (Pl.'s Resp., Dkt. 21 at 7.)[3]

Finally, on August 31, 2004, Plaintiff called in to tell her supervisor she would be late because she had a torn contact lens. (Dkt. 21 at 7; Dkt. 17 at 3.) Plaintiff was terminated that day. (Dkt. 21 at 7; Dkt. 17 at 3 & Ex. 7.) Plaintiff further contends that "[a]gain, this action

---

[3]The Complaint does not indicate the race or ethnicity of the Plaintiff but, based on this averment, I assume that she is neither white nor Hispanic.

3

taken against the Plaintiff for being late was not taken against Caucasian and Mexican employees for the same conduct." (Dkt. 21 at 7.)

On October 18, 2004, Plaintiff filed a complaint with the Michigan Department of Civil Rights ("MDCR") and the Equal Employment Opportunity Commission ("EEOC"). (Dkt. 21 at 8; Dkt. 17 at 3.) Plaintiff received notice of the final agency decision by the EEOC on November 9, 2005, adopting the MDCR decision denying Plaintiff any relief based on insufficient evidence. (Compl. (attach.), Dkt. 1; Dkt. 17 at Ex. 2.) Plaintiff timely filed this civil action within 90 days of that notice and decision. (Compl., Dkt. 1.) The Complaint alleges that she was terminated and "disciplined for reasons other employees that are not of [her] race were not disciplined for." (*Id.* at 2.)

  **C.**   **Motion Standards & Governing Law**

  **1.**   **Summary Judgment**

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary

judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit has explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

**2.     *Pro Se* Status**

Plaintiff brings this action *pro se*. A *pro se* litigant's pleadings are construed liberally and judged against a less stringent standard than pleadings drawn by attorneys. *Haines, supra.*

5

Nevertheless, "a *pro se* litigant, whether a plaintiff or defendant, is required to follow the law." *Williams v. Sears, Roebuck and Co.*, 143 F. Supp. 2d 941, 947 (W.D. Tenn. 2001). As the U.S. Supreme Court stated in *McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993), "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *Id*. at 113.

It "is not the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In other words, the court is not to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted). "The district court is not required to make [a *pro se* litigant's] argument for him [because] [s]uch a mandate would 'require the courts to explore exhaustively all potential claims of a *pro se* plaintiff, . . . [and] would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Crawford v. Crestar Foods*, No. 98-3144, 2000 WL 377349 (6th Cir. Mar. 14, 2000) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)). *See also Hall, supra*.

### 3.     Racial Discrimination

Under Michigan law, at-will employees may be fired for any reason other than an unlawful one, such as racial discrimination. *State Employees Ass'n v. Dep't of Mental Health*, 365 N.W.2d 93, 96 (Mich. 1984). Title VII prohibits employers from discharging, or otherwise discriminating against, an individual with respect to compensation, terms, conditions, or privileges of employment because of race, color, religion, sex, or national origin. *Nat'l R.R.*

6

*Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir. 2005).

The elements of a *prima facie* case of discrimination under Title VII are: (1) plaintiff is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified for the position at issue; and (4) she was replaced by a person outside the protected class or was treated differently than a similarly situated person outside the protected class. *Smith v. City of Salem, Ohio*, 378 F.3d 566, 470 (6th Cir. 2004); *Noble v. Brinker Intern., Inc.*, 391 F.3d 715, 728 (6th Cir. 2004); *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000). If an employee establishes a *prima facie* case of discrimination, then the burden of production, i.e., to come forward with evidence, shifts to the employer to come forward with a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), *as modified by Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). Once the employer asserts legitimate, non-discriminatory reasons for its actions, then the burden shifts back to the employee to show, by a preponderance of the evidence, that the reasons given by the employer were merely a pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804-05; *Burdine*, 450 U.S. at 253. Throughout application of the burden-shifting scheme, the plaintiff continues to bear the burden of proof or persuasion with respect to the ultimate question of whether the defendant intended to discriminate. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993).

To prove pretext, the employee must show that: (1) the asserted reasons have no basis in fact; (2) the reasons proffered did not in fact motivate the discipline; or (3) if the reasons were factors in the disciplinary action, they were insufficient on their own to justify the disciplinary

action taken. *Burns v. City of Columbus*, 91 F.3d 836, 844 (6th Cir. 1996). Pretext can only be established where the employee provides evidence from which a reasonable juror could reject the employer's reasons for the discipline given and infer that the employer intentionally discriminated against the employee. *Braithwaite v. Timken Co.*, 258 F.3d 488, 494 (6th Cir. 2001); *Hicks, supra*, 509 U.S. at 519. The evidence must reveal more than a dispute over the reasons for the discipline; rather, the evidence must be sufficient to allow a jury to infer "that the employer did not honestly believe the proffered non-discriminatory reason[s]." *Braithwaite*, 258 F.3d at 494 (citations omitted).

    **D.**    **Analysis and Conclusion**

One of the four required elements of a *prima facie* case of discrimination is that the plaintiff show that she was replaced by a person outside the protected class or was treated differently than a similarly situated person outside the protected class. *Smith*, *supra*, 378 F.3d at 470. In the instant case, Plaintiff has alleged that she was ultimately terminated and "disciplined for reasons other employees that are not of [her] race were not disciplined for." (Compl., Dkt. 1 at 2.) Although this conclusory allegation may be sufficient to survive a motion to dismiss under Rule 12(b)(6), when facing a motion for summary judgment under Rule 56, Plaintiff, as non-movant, cannot rest merely on the pleadings alone. *Liberty Lobby, supra*, 477 U.S. at 248. At this juncture, Plaintiff must present "significant probative evidence" to support her allegation. *Moore, supra*.

Plaintiff has not come forward with any evidence, not even her own affidavit, to name who these other persons are that were treated more fairly, let alone how they were similarly situated to her. This failure to produce evidence to establish a *prima facie* case is fatal to Plaintiff's claim at the summary judgment stage. *See Leadbetter v. Gilley*, 385 F.3d 683, 693

8

(6th Cir. 2004) (affirming grant of summary judgment in favor of defendant where plaintiff failed to establish a *prima facie* case of discrimination because plaintiff could not show he was similarly situated to person treated differently); *Shah v. Deaconess Hosp.*, 355 F.3d 496, 498 (6th Cir. 2004) (granting summary judgment in favor of defendant where plaintiff could not establish *prima facie* case because he was not an employee of defendant). Plaintiff's *pro se* status does not excuse her from this burden. *Williams, supra; McNeil, supra*. Therefore, I suggest that because Plaintiff has not established a *prima facie* case of racial discrimination, summary judgment in favor of Defendant is appropriate. *Smith, supra; Noble, supra; Perry, supra; Leadbetter, supra; Shah, supra*.

Moreover, even if Plaintiff were able to establish a *prima facie* case, I suggest that Defendant has proffered legitimate, non-discriminatory reasons for its disciplinary action and ultimate termination. Defendants rely on the frequent tardiness that occurred in the two months after Plaintiff became an administrative coordinator. Between July 19, 2004, and August 31, 2004, Defendant cited Plaintiff for tardiness, failure to call in, and failure to work a full day five times. (Dkt. 17 at Ex. 4.) Thus, I suggest that Defendant has met its burden of production to show a legitimate, non-discriminatory reason for its actions. *Burdine, supra*. I further suggest that Plaintiff has not come forward with any evidence that this discipline and eventual termination was a pretext for discrimination nor has Plaintiff proffered any evidence that would allow a jury to conclude that Defendant did not believe the non-discriminatory reasons given and instead intentionally discriminated against Plaintiff based on race. *Burns, supra; Braithwaite, supra*.

Accordingly, I suggest summary judgment be granted in favor of Defendant.

9

**III.    REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: January 23, 2007 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Report And Recommendation was electronically filed this date, electronically served on David Wallace, served on Rosetta Ferguson by first class mail, and served on District Judge Ludington in the traditional manner.

Date:  January 23, 2007                                By           s/Jean L. Broucek
                                                                                Case Manager to Magistrate Judge Binder

10