UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROSETTA FERGUSON,

　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　Case Number 06-10535-BC
v.　　　　　　　　　　　　　　　　　　　　Honorable Thomas L. Ludington

MORLEY COMPANIES, INC.,

　　　　　　　　Defendant.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a report issued by Magistrate Judge Charles E. Binder on

January 23, 2007, recommending granting Defendant Morley Companies Inc.'s motion for summary

judgment under Federal Rule of Civil Procedure 56(c) in this employment discrimination case. The

magistrate judge based his recommendation on the fact that Plaintiff Rosetta Ferguson provided no

evidence to identify similarly situated persons, or how they were similarly situated, to demonstrate

a *prima facie* case of discrimination under Title VII. *See Smith v. City of Salem, Ohio*, 378 F.3d 566,

470 (6th Cir. 2004). Nor has Plaintiff offered any evidence to overcome Defendant's proffered

legitimate non-discriminatory reasons for its decision to terminate her after repeated absences and

tardiness. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

Plaintiff filed a motion for extension of time to object, which the Court granted on February

8, 2007. Plaintiff filed a single page documenting her objections on February 22, 2007. These

objections do include her insistence that "Caucasian and Mexican similarly-situated employees

would often arrive late and tell the entire group of employees why they were late without receiving

a write up or any disciplinary action" and that she has "several witnesses that are willing to come

to [C]ourt to testify." Yet, even granting the less stringent standard applicable to *pro se* litigants to

Plaintiff, the evidence as presented must still present sufficient disagreement to require submission

to a jury. *See Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)

(citation omitted). Here, Plaintiff has offered only her own conclusory assertions that the facts she

would offer would contradict those presented by Defendant. At the stage of summary judgment,

Plaintiff must not rely on the hope that the Court could disbelieve Defendant but must offer some

evidence that a jury could find in her favor. *See Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479

(6th Cir. 1989). Plaintiff has not met this burden by simply contradicting Defendant, without

offering any admissible support for the facts that she alleges. Moreover, the Court agrees with the

analysis and conclusions of the magistrate judge.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt

#24] is **ADOPTED** and that Plaintiff's objections [dkt #27] are **OVERRULED**.

It is further **ORDERED** that Defendant's motion for summary judgment [dkt #17] is

**GRANTED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on March 5, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---